The order of the Appellate Division should be reversed and the judgment of the trial court affirmed.

Bartlett, Haight, Vann and Werner, JJ., concur; Parker, Ch. J., not voting; Gray, J., dissents.

Order reversed, etc.

---

The People of the State of New York ex rel. The New York and East River Ferry Company, Appellant, *v.* James A. Roberts, as Comptroller of the State of New York, Respondent.

Tax — When Assessment of Franchise Tax upon Capital Stock of Corporation Must Be Made upon its Actual Cash Value. Section 182 of the Tax Law (L. 1896, ch. 908), relating to the imposition of a franchise tax upon corporations, and providing that when a dividend of less than six per centum has been declared during the tax year, the tax shall be at the rate of one and one-half mills upon such portion of the capital stock *at par* as the amount of capital employed within the state bears to the entire capital of the corporation, must be read in connection with section 190, providing for its assessment at its actual cash value, and when so read establishes a rule for the computation of the amount of capital stock on which an assessment is to be made, but not for its valuation, that being determined by the provisions of the latter section, and, therefore, in such a case an assessment upon its par value is erroneous.

*People ex rel. N. Y. & E. R. Ferry Co.* v. *Roberts*, 35 App. Div. 625, reversed.

(Argued June 4, 1901; decided July 10, 1901.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 29, 1898, which confirmed on certiorari the proceedings of the defendant in assessing a franchise tax against the relator and refusing to revise the same.

The facts, so far as material, are stated in the opinion.

*John B. Green* and *Edmund L. Cole* for appellant. The basis of taxation of the relator is not the par value of its issued

capital share stock, but is (the declared dividends, being four per cent, and entire capital of the relator employed in this state) the appraised capital of relator. (*People ex rel. v. Roberts*, 155 N. Y. 1; *People ex rel. v. Morgan*, 47 App. Div. 126.)

John C. Davies, Attorney-General (*Henry B. Coman* of counsel), for respondent. The tax was properly assessed upon the entire capital stock of the relator at par. (L. 1896, ch. 908, §§ 182, 190; *People ex rel. v. Roberts*, 155 N. Y. 408.)

CULLEN, J. The relator is a domestic corporation engaged in the operation of a ferry between Long Island City and the city of New York. The facts as to its financial condition during the year 1896, for which the tax in dispute was imposed, are as follows: Its capital stock was $750,000, issued for cash, and its bonded indebtedness amounted to a like sum. The bonds and cash were paid for the ferry property. The value of the tangible assets of the company, excluding its franchise, was $359,500, all employed within this state. The highest market price of the relator's share stock during the year was 60 and the lowest 50. The dividends paid in 1896 amounted to 4%. The share stock was appraised and returned to the comptroller at $52\frac{1}{2}$, amounting to $393,750 for the whole capital stock. The comptroller imposed a franchise tax of $1\frac{1}{2}$ mills upon the par value of the relator's nominal capital stock. A writ of certiorari having been issued to review the action of the comptroller, the proceedings of that officer were confirmed by an order of the Appellate Division of the third department. From that order this appeal is taken.

The question before us is the proper construction of the provisions of section 182 of the Tax Law (L. 1896, ch. 908), so far as they relate to the case of corporations which have declared a dividend of less than 6% during the tax year. The section reads: "Every corporation, joint stock company or association incorporated, organized or formed under, by or

pursuant to law in this state, shall pay to the state treasurer annually, an annual tax to be computed upon the basis of the amount of its capital stock employed within this state and upon each dollar of such amount, at the rate of one-quarter of a mill for each one per centum of dividends made and declared upon its capital stock during each year ending with the thirty-first day of October, if the dividends amount to six or more than six per centum upon the par value of such capital stock. If such dividend or dividends amount to less than six per centum on the par value of the capital stock, the tax shall be at the rate of one and one-half mills upon such portion of the capital stock at par as the amount of capital employed within the state bears to the entire capital of the corporation. If no dividend is made or declared, the tax shall be at the rate of one and one-half mills upon each dollar of the appraised capital employed within the state." It is contended by the learned counsel for the respondent and has been held by the Appellate Division that, under the terms of this section, every corporation which has paid a dividend of less than 6% must be assessed on the nominal or par value of its capital stock regardless of the actual value of the stock or the amount of dividends paid. In other words, that a corporation which may have paid a dividend of 1%, the market value of whose stock has not been over 25, is subject to the same franchise tax as a corporation which has paid dividends amounting to 5% and whose stock sells above par. This result is claimed to be required by the direction of the statute that " the tax shall be at the rate of one and one-half mills upon such portion of the capital stock *at par* as the amount of capital stock employed within this state bears to the entire capital of the corporation." It must be admitted that the phraseology of this section is confusing, and that, if it stood alone, it admits of the interpretation placed upon it by the court below. But there is another section of the statute to be considered. Section 190 provides: " In case no dividend has been declared, by a corporation, association or joint stock company liable to pay a tax under section one hundred and eighty-two of this chapter, the treasurer or sec-

retary of the company, shall, under oath, between the first and fifteenth day of November in each year, estimate and appraise the capital stock of such company upon which no dividend has been declared, or upon which the dividend amounted to less than six per centum at its actual value in cash, not less, however, than the average price which said stock sold for during said year, and shall forward the same to the comptroller with the report provided for in the last section.   If the comptroller is not satisfied with the valuation so made and returned he is authorized and empowered to make a valuation thereof, and settle an account upon the valuation so made by him, and the taxes, penalties and interest to be paid the state."   It will be seen that this section directs that where dividends of less than 6% have been paid, the actual value of the stock is to be returned to the comptroller and finally determined by him and that the taxes are to be settled on the valuation so made.   These provisions are plainly inconsistent with those of section 182 if the earlier section is to be given the construction that has hitherto prevailed.   We think, however, that construction is erroneous and that there is no necessary inconsistency between these sections.   We have admitted that the phraseology of the earlier section is ambiguous and confusing, but taken in connection with the provisions of section 190, we think its meaning fairly plain.   It is to be borne in mind that the statute contemplates that the whole capital stock of a corporation may not be employed within this state and that it seeks to impose a franchise tax proportionate to or measured by only that part of the capital which is so employed.   The direction that the tax shall be " upon such portion of the capital stock at par as the amount of capital employed within this state bears to the entire capital of the corporation " was not intended to establish or fix the rate at which such capital stock was to be assessed, but a rule for the computation of the amount of capital stock on which assessment was to be made.   An illustration may possibly make our meaning more clear.   A corporation with the capital stock of $500,000 par value, might have assets of the

value of $250,000, of which $150,000 were employed in business in this state. In such a case if the corporation had no peculiar franchise or exceptional good will or earning power, the market value of its stock would approximate to 50, but if the company were well managed it might be 60 or 70. In computations for a franchise tax it would not be reasonable to estimate the $150,000 of assets at 70, the market value of the share stock, nor even at their full value. The assets employed in this state would be three-fifths of the total assets of the corporation; therefore, three-fifths of the share capital of the corporation, or $300,000, should be considered as being employed within this state. It is this rule that the statute intended to prescribe by the provision that the tax shall be " upon such portion of the capital stock at par as the amount of the capital employed within this state bears to the entire capital of the corporation." But having determined that $300,000 of capital stock is to be deemed as employed within this state, then that capital stock is, under section 190, to be taken at " its actual cash value " for the purpose of computing the franchise tax.

While we have decided this case on the language of the statute our confidence in the correctness of the conclusion reached is enhanced by the consideration that a contrary interpretation would effect unreasonable results. As already pointed out, under the view taken by the comptroller and the Appellate Division, all corporations paying any dividend less than 6% per annum would pay the same franchise tax regardless of the amount of the dividend or the value of their stock, and exactly the same amount as a corporation paying 6% dividends annually; for one-quarter of a mill on each 1% of a 6% dividend is exactly 1½ mills on each dollar of capital. We are clear this was not the intention of the legislature. We are quite aware that despite our construction of the statute there will still remain in it some inconsistencies and apparent unfairness in particular cases. The remedy in those cases must be an appeal to the legislature for modification of the law.

The order of the Appellate Division and the proceedings of

the comptroller should be reversed, with costs to the relator and the matter remitted to the comptroller with directions to reassess the tax.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; LANDON, J., not sitting.

Order reversed, etc.