PEOPLE ex rel. UNION FERRY CO. OF NEW YORK & BROOKLYN v. ROBERTS, State Comptroller.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

1. FRANCHISE TAX—COMPUTATION.
    Laws 1896, c. 908, § 182, relative to the imposition of a franchise tax on corporations, provides that where, during a tax year, a dividend of less than 6 per cent. has been declared, the tax shall be at the rate of 1½ mills on such portion of the capital stock at par as the amount of capital employed within the state bears to the entire capital of the corporation. *Held*, that the words "capital stock" refer to share stock, and the word "capital" to property of the corporation contributed by its shareholders, or otherwise obtained by it, to the extent required by its charter.

2. PROPERTY OF CORPORATION—EMPLOYMENT WITHIN STATE—INVESTMENTS.
    Laws 1896, c. 908, § 182, relative to the imposition of a franchise tax on corporations, provides that where, during a tax year, a dividend of less than 6 per cent. has been declared, the tax shall be at the rate of 1½ mills on such portion of the capital stock at par as the amount of capital employed within the state bears to the entire capital of the corporation. *Held*, that where a domestic corporation owned a building in the state, which was not used in connection with its business, and also city bonds, the building and bonds were not capital employed within the state, within the meaning of the statute.

Certiorari by the people, on the relation of the Union Ferry Company of New York & Brooklyn, against James A. Roberts, comptroller of the state, commanding him to certify and return to the clerk at Albany proceedings had before him on the application of the

relator for the revision and readjustment of the corporation franchise tax imposed on the relator for the year ending October 31, 1896. Determination of the comptroller modified.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Vincent P. Lynott, for relator.

John C. Davies, Atty. Gen., for respondent.

CHASE, J. The relator is a domestic corporation organized for the purpose of conducting and managing ferries, and is engaged in conducting and managing five certain ferries between the boroughs of Manhattan and Brooklyn, in the city of New York. It has a capital stock of $3,000,000, consisting of shares of the par value of $100 each. The evidence before the comptroller shows that the tangible property of the corporation is of the value of $3,241,261. It has an indebtedness incurred in the purchase of property amounting to $2,200,000, leaving the net assets of said corporation $1,041,261. Included in the net assets of said corporation is a house of the value of $20,000, assessed for general and local purposes in the borough of Brooklyn, and also $200,000 of nontaxable bonds of the city of Brooklyn. The house referred to is not used by the relator in its business, and is in no way connected therewith. It is rented by it for $2,100 per year. The $200,000 of Brooklyn bonds came to the relator from its predecessor company. The rental of said house and the interest on said bonds are collected by the relator, and go to make up the gross amount of its yearly income. The report of the relator for the year ending October 31, 1896, shows that dividends amounting to 4 per cent. were declared by the relator during the year, and that the highest price for which the stock of the relator sold during the year was 69, and the lowest price 58. The comptroller computed the tax for the year ending October 31, 1896, upon the full par value of the capital stock of the relator, and imposed a franchise tax of $4,500. Thereafter the relator applied to the comptroller for a revision and readjustment of such account, which was granted, and the relator submitted to the comptroller certain evidence relating to the value of its property, whereupon the comptroller resettled such account by computing the tax on $2,250,000, making the amount $3,375. This certiorari is for the purpose of reviewing such determination of the comptroller.

A recent decision of the court of appeals (People ex rel. New York & E. R. Ferry Co. v. Roberts, 168 N. Y. 14, 60 N. E. 1043) has settled the construction to be given to sections 182 and 190 of the tax law, and the determination of the comptroller herein cannot be justified upon the theory that the entire capital stock of the relator must be valued at par. The dividends declared by the relator during the year being less than 6 per cent. on the par value of the capital stock, the tax against the relator must be paid "upon such portion of the capital stock at par as the amount of capital employed within this state bears to the entire capital of the corporation." The words "capital stock," in the phrase above quoted, refer to share stock, and

the word "capital" to property of the corporation contributed by its shareholders, or otherwise obtained by it, to the extent required by its charter. For the purpose of obtaining a basis for a computation of the tax, it is necessary first to determine the amount of capital "employed within this state." It is contended by the relator that the $20,000 invested in real estate, and upon which a tax for general and local purposes is paid, and the $200,000 invested in Brooklyn nontaxable bonds, are not capital "employed within this state," within in the meaning of the tax law. Capital, to be employed within this state, must be actively employed, and a nominal employment or an investment of the same was not intended by the statute. It was held by this court in the case of People ex rel. Niagara River Hydraulic Co. v. Roberts, 30 App. Div. 180, 51 N. Y. Supp. 771, affirmed in the court of appeals in 157 N. Y. 676, 51 N. E. 1093, on opinion in this court, that the tax contemplated by the statute is upon capital in active use in its corporate business, and not upon the passive holding of it in the form of an unproductive investment, and in the opinion it is said:

"In People ex rel. Singer Mfg. Co. v. Wemple, 150 N. Y. 46, 44 N. E. 787, it was held, as to a foreign corporation, that the money, whether capital or surplus, which it invested in real estate here, not for the transaction of its ordinary business, but for rental, was not employed within this state, within the meaning of the statute."

In section 182 of the tax law the language in regard to the employment of capital in this state is substantially the same when it refers to a domestic corporation as it is when it refers to a foreign corporation.

In the case of People ex rel. Singer Mfg. Co. v. Wemple, supra, a foreign corporation had invested $900,000 in real estate in the state of New York, then under lease and not occupied by it; but the intention was to erect a new building when the existing leases expired, and to use a small portion of it for the offices of the company, and lease the remainder to tenants. This investment in real estate was from the surplus of the company, but the court, in discussing the case, say:

"We are of opinion that the amount represented by the real estate was no portion of the capital stock employed within this state, even if the $900,000 was a part of the capital stock of the company. It was an independent investment, and was in no sense employed within this state in the transaction of the ordinary business of the relator. People ex rel. Southern Cotton Oil Co. v. Wemple, 131 N. Y. 64, 29 N. E. 1002, 27 Am. St. Rep. 542. If at any time the whole or any portion of this real estate should be used by the relator in carrying on its business within this state a different question would be presented, which need not now be considered. This real estate, under the conditions existing in 1890, was taxable for general state and local purposes."

The court of appeals again, in People ex rel. United Verde Copper Co. v. Roberts, 156 N. Y. 585, 51 N. E. 293, citing People ex rel. Singer Mfg. Co. v. Wemple, supra, and referring to an investment by the relator in that case (a domestic corporation) in the stock and also in the bonds of a railroad company in the territory of Arizona, or-

ganized almost exclusively for the purpose of transporting the goods of the said relator, say:

"This surplus of the relator, even if placed in the stock and bonds of the railroad company as an independent investment, cannot be regarded as a part of its capital stock employed within this state."

The decisions tending to the contrary conclusion are based upon the peculiar facts existing in the several cases in which such decisions were made. It seems to be clear from the decisions quoted that the investment of the $20,000 by the relator in real estate not used by it in the usual course of its business cannot be said to be capital employed in this state. We see no distinction between an investment in real estate paying a general and local tax and an investment in nontaxable municipal bonds. The tax law in no way refers to the kind of property in which the capital of the corporation is to be employed. If the capital is employed within this state, it must be included in the basis of computation. If it is not employed within this state, it must not be included in the basis of computation. Whether the investment is in real estate or personal property cannot affect the question, except so far as it may aid in determining whether it is employed or not. We conclude that the $20,000 invested in real estate and the $200,000 invested in Brooklyn bonds are not employed within this state, and should not be included in making up the basis of computation for taxation. Deducting said $220,000 from the total capital of $1,041,261, we have $821,261. Applying the rule laid down in People ex rel. New York & E. R. Ferry Co. v. Roberts, supra, we find that the capital employed in this state is .7887+ per cent. of the entire capital of the corporation, and .7887+ per cent. of the capital stock at par is $2,366,150, being the same proportion of the capital stock at par as the amount of capital employed within this state bears to the entire capital of the corporation. The average price at which the stock of the corporation has sold during the year for which the tax is to be imposed is 63½ per cent. Taking the portion of the capital stock at par employed within this state as above found at the average price at which it has been sold during the year, we have $1,502,505, being the amount on which the tax should be computed at 1½ mills on the dollar. The tax so computed amounts to $2,253.75, to which amount the tax imposed by the comptroller should be reduced.

The determination of the comptroller is modified by reducing the tax to $2,253.75, and as so reduced confirmed, with $50 costs and disbursements to the relator. All concur.