THE PEOPLE OF THE STATE OF NEW YORK ex rel. COMMERCIAL CABLE COMPANY, Relator, *v.* WILLIAM J. MORGAN, as Comptroller of the State of New York, Respondent.

*Taxation of a corporation paying more than six per cent dividends — basis of the assessment — money invested in stocks and bonds of other corporations, when it is and when it is not capital employed within the State of New York — capital in excess of the capital stock.*

Under section 182 of the Tax Law (Laws of 1896, chap. 908), which provides that a corporation paying more than six per cent dividends shall pay a tax, "to be computed upon the basis of the amount of its capital stock employed within this State," the amount of capital stock employed within the State is not (as in the case of a corporation paying less than six per cent dividends) to be deemed such proportion of the capital stock as the amount of the capital employed within the State bears to the entire capital of the corporation, but the tax is to be assessed upon the basis of the capital employed within the State without regard to such rule of proportion.

Money invested by the corporation in securities which are, in their nature, entirely distinct from any business transacted by the corporation, cannot be said to be capital of the corporation employed within the State of New York, but money invested by the corporation in the stocks and bonds of a kindred corporation, or of some corporation whose business would add profit to the investing corporation, is presumptively capital employed by the investing corporation within the State of New York.

*Quære,* whether the Legislature, when providing for the taxation of corporations, intended to make any distinction between the use of the terms "capital stock" and "capital."

*Quære,* whether, if the capital of a corporation employed within the State of New York should exceed the amount of its capital stock, such excess would be taxable.

CERTIORARI issued out of the Supreme Court and attested on the 30th day of June, 1899, directed to William J. Morgan, as Comptroller of the State of New York, commanding him to certify and return to the office of the clerk of the county of Albany all and singular his proceedings had in assessing a tax against the relator, a domestic corporation, for the year ending October 31, 1897.

*Edmund L. Cole,* for the relator.

*John Cunneen, Attorney-General,* and *William H. Wood,* for the respondent.

SMITH, J.:

The relator having paid a dividend of eight per cent in the year 1897 was required by the statute to pay a tax of two-tenths per cent upon the par value of its capital stock employed within this State and upon each dollar of such amount. Its business, as appears by the report made to the Comptroller, is " submarine cables, including repair steamers and stations in Nova Scotia and Europe." Its capital stock was of the par value of $10,000,000. There was concededly employed of its capital without the State $13,162,068.33. Certain assets to the amount of $1,772,161.71 are confessedly within the State of New York, and further items amounting to $418,085 are claimed to be for a part of the year only the property of the relator. The Comptroller has included in the list of assets within New York State an item for $10,775,000, which represents the par and actual value of an average during said year of 107,750 shares of stock of the Postal Telegraph Cable Company, a domestic corporation, which the relator commenced to acquire about January 1, 1897. The relator in fact acquired during the year 188 shares less than the total of 150,000 shares of the stock of said company, and paid therefor with its own bonds the sum of $16,000,000. The stock of the said Postal Telegraph Cable Company was immediately turned over to the Farmers' Loan and Trust Company of New York, which was the trustee for the holders of the bonds of the relator so issued. It was turned over by the relator as collateral security for the payment of the bonds. This sum added to the amounts before stated as concededly within the State of New York, or part of which is concededly within the State of New York, makes a total claimed to be within the State of New York of $12,965,246.71.

(1) The first question to be determined is the rule to be adopted in ascertaining what portion of the capital stock of the relator is employed within this State. Section 182 of the Tax Law (Laws of 1896, chap. 908), under which this assessment is made, provides that such a corporation (one paying more than six per cent dividends) shall pay a tax " to be computed upon the basis of the amount of its capital stock employed within this State." If the dividends amount to less than six per cent " the tax shall be at the rate of one and one-half mills upon such portion of the capital stock at par as the amount

PEOPLE ex rel. COM. CABLE CO. v. MORGAN. 579

App. Div.]      THIRD DEPARTMENT, SEPTEMBER TERM, 1903.

of capital employed within this State bears to the entire capital of the corporation." The relator contends that the amount of capital stock employed within this State is deemed to be such proportion of the capital stock of the corporation as the amount of capital employed within this State bears to the entire capital of the corporation. This rule of ascertainment seems to be conceded by the Attorney-General. I am at a loss to find any justification therefor in the statute or in the authorities. If the dividends be less than six per cent the statute prescribes this rule of proportion in ascertaining the basis of the tax. If the dividends exceed six per cent no such rule is prescribed by the statute, which requires the tax to be computed upon the capital stock employed within the State, and in ascertaining that I find no assistance in the rule of proportion. It will be noticed that where the dividends exceed six per cent the basis of the tax is the amount of "capital stock" employed within the State, while, if the dividends be less than six per cent, the basis of the tax is the proportion of the capital stock that shall be represented by the ratio of the "capital" employed within the State to the entire "capital" of the corporation. It is doubtful whether the Legislature intended to make any distinction between the use of the terms "capital stock" and "capital." By subdivision 1 of section 189 of the Tax Law corporations liable to pay a tax under section 182 are required to report to the Comptroller "the entire amount of the capital of such corporation and the capital employed by it in this State during such year." They are nowhere required to report the amount of "capital stock" employed within the State. In *People ex rel. Seth Thomas Clock Co.* v. *Wemple* (133 N. Y. 323), in construing a statute which required the tax to be based upon the "amount of capital stock employed within this State," the court held that the basis of the tax was the "portion of (the) capital" employed within the State which was represented by the actual value of the property whether in money or goods or other tangible things. I have found no decision which impairs the authority of this case. It may be if the capital of a corporation employed within the State should exceed the amount of its capital stock that such excess could not be made the basis of the tax under the statute, but until that occurs authority seems to require that the percentage be obtained upon the basis of the capital used within the State.

580 PEOPLE ex rel. COM. CABLE CO. *v.* MORGAN.

THIRD DEPARTMENT, SEPTEMBER TERM, 1903. [Vol. 86.

Moreover, it would be most difficult to distinguish between capital stock employed within the State and capital employed within the State. An interpretation of the statute which would make such a distinction would throw the law into much confusion, while the interpretation here adopted greatly simplifies its enforcement.

Within the plain reading of the statute it is only the capital stock "employed within this State" which is made the basis of the assessment. If capital be here invested in securities, in their nature entirely apart from any business transacted by the corporation, such moneys cannot properly be held to be employed within the State. In *People ex rel. Union Ferry Co. v. Roberts* (66 App. Div. 157) we held that capital invested in outside securities was not employed within the State within the meaning of the statute. The learned Attorney-General seeks to make a distinction between the application of this rule to a statute placing a tax upon the capital stock instead of the capital employed within the State. I am not convinced that there is any force in the attempted distinction, especially when under the construction given the capital employed within the State is in fact made the basis of the assessment. Moreover, in *People ex rel. Singer Mfg. Co. v. Wemple* (150 N. Y. 46) a clear distinction seems to be recognized between capital employed within the State and capital invested in some corporation whose business is entirely foreign to the business of the company assessed.

It is not easy in all cases to determine what investments should be deemed investments pure and simple, and what investments should be deemed the employment of capital within the State. The investment in companies of kindred nature, or in the stock or bonds of corporations whose connection with the corporation investing may be of practical advantage, may well be deemed to be the employment of capital. The purchase of the interests of a rival company and the control thereof might be a wise employment of capital. The purchase of large interests in corporations whereby business might be added to the investing corporation may be deemed a wise investment of capital. And where an investment appears in the stock or bonds of some kindred corporation, or of some corporation whose business would add profit to the investing company, it may well be presumed that the investment was the employment of capital rather than an investment simply of surplus earnings.

Under these principles there are certain investments of the relator within the State which, in my judgment, should be deemed investments and not employment of capital. The investment in the West Shore railroad bonds, $107,125; in New York *Times* bonds, $9,000; in New York Central and Hudson River Railroad Company bonds, $775,729.25; in United States bonds, $228,000, are all of them investments which have no apparent relation to the advancement of the business of the relator. They may also be deemed to be investments of surplus earnings of the corporation rather than investments of capital stock. There is concededly invested outside of New York in ocean cables, plant and equipment over $12,000,000, while the capital stock of the corporation is only $10,000,000. The investment of an amount in excess of the capital stock in property not directly related to the business of the relator would seem to give force to the contention of the relator that these investments of capital are investments purely and not the employment of capital within the meaning of the statute. The investments in the Postal Telegraph Company would seem to me to be a presumptive employment of capital for the direct business interests of the relator. The property, however, of the Postal Telegraph Company within the State of New York is all of the property placed therein employed within the State. Within these rules a tax of two-tenths per cent should be assessed upon Commercial Cable Building bonds, $250,000; real estate, Commercial Cable lines, $84,805; average bank balance of relator, $97,451.82; bills and accounts receivable, $219,500.64; Commercial Union Telegraph stock, $101,835; Postal Telegraph Company, real estate, $140,000; bills and accounts, Postal Telegraph, New York, $92,430.62; supplies, stores, Postal, New York, $52,905.30; bank balance, Postal, New York, $65,763.54. The determination of the Comptroller should be modified in accordance with the rule herein stated.

All concurred.

Determination of the Comptroller modified as per opinion, and as so modified confirmed, with fifty dollars costs and disbursements to the relator.