PEOPLE ex rel. NEW YORK MAIL & NEWSPAPER TRANSP. CO. v. GAUS, State Comptroller.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. TAXATION (§ 365*)—FRANCHISE TAXES—CORPORATIONS—BASIS OF ASSESSMENT—STOCK—PAR VALUE—CONFLICT OF STATUTES.

Laws 1907, p. 1727, c. 734, § 1, amended Tax Law (Laws 1896, p. 856, c. 908) § 182, by incorporating therein substantially the same provisions contained in section 182, c. 474, p. 1196, Laws 1906, providing for the assessment of stock, and also providing that in cases not within any of the preceding paragraphs of the section, the actual value of the stock should be the basis on which the tax should be computed. Tax Law, § 190, was amended at the same time, so as to provide that if a dividend or dividends declared by the corporation amounted to less than 6 per cent. on the par value of the capital stock, or no dividend was declared, the corporation's president, treasurer, or secretary should estimate and appraise the capital stock of the company at its actual value under oath. Held, that sections 182 and 190 were not antagonistic, and hence a domestic corporation doing business only within the state, which paid no dividends and the assets of which did not exceed its liabilities, exclusive of its capital stock, was assessable on the par value thereof.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 608–611; Dec. Dig. § 365.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TAXATION (§ 411*)—FRANCHISE TAX—ASSESSMENT—EFFECT OF ERRONEOUS
　　STATEMENT.
　　　　Under Tax Law (Laws 1896, p. 856, c. 908) § 182, as amended by Laws
　　1906, p. 1196, c. 474, imposing a franchise tax on corporations and re-
　　quiring the tax to be assessed annually in advance, assessments made
　　January 31, 1907, and January 15, 1908, were for the years succeeding
　　those dates, respectively, and that the Comptroller erroneously stated the
　　assessments as for the years ending October 31 preceding such dates
　　did not support a contention that the assessments covered the year ending
　　October 31, 1906, for which the corporation was not liable.
　　　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 680, 681; Dec.
　　Dig. § 411.*]

Certiorari to review the Comptroller's action in determining a fran-
chise tax to be paid by the New York Mail & Newspaper Transpor-
tation Company for 1907 and 1908. Modified.

Argued before SMITH, P. J., and CHESTER, KELLOGG,
COCHRANE, and SEWELL, JJ.

Arthur O. Townsend (Frank H. Vedder, on the brief), for the re-
lator.

Edward R. O'Malley, Atty. Gen. (Franklin Kennedy, of counsel),
for respondent.

JOHN M. KELLOGG, J. The relator is a domestic corporation
carrying on business in this state only. It paid no dividends, and its
assets do not exceed its liabilities, exclusive of its capital stock. The
Comptroller, by the determination under review, has stated a tax against
it of three-fourths of one mill upon the par value of its capital stock.

Before the amendment in 1906 of section 182 of the tax law, the
franchise tax against such a corporation was based upon the appraised
value of its capital stock, and not upon the par value thereof. People
ex rel. N. Y. & E. R. F. Co. v. Roberts, 168 N. Y. 14, 60 N. E. 1043.
In that case, decided in 1901, the Court of Appeals determined that
section 182, standing alone, was ambiguous, and perhaps justified the
contention that the par value of the stock was the correct basis for
the tax, but that section 190, providing for the appraisal in all cases
where a dividend of 6 per cent. was not declared, made it clear that
the tax of such corporations could only be based upon the appraised
value.

Chapter 474, p. 1196, Laws 1906, amended section 182, and its lan-
guage, after the amendment, indicates that the par value of the stock
is to be the basis upon which the tax is to be computed. The amend-
ment of section 190 at the same time permits an appraisal only where
a dividend of 6 per cent. was not declared, and the assets exceeded
the liabilities, including the capital stock, or the average price at
which the stock sold during the year is equal to or greater than par,
and required that the appraisal must not be less than par. This
amendment, following the Roberts Case, was evidently intended to
make the par value of the capital stock the minimum basis for taxa-
tion, and therefore no appraisal was provided for in cases where the
stock was worth less than par.

Chapter 734, p. 1727, of the Laws of 1907, amended section 182 by incorporating therein substantially the same provision contained in section 182, c. 474, p. 1196, of the Laws of 1906, and also provided that in cases not within any of the preceding paragraphs of that section the actual value of the capital stock shall be the basis upon which the tax may be computed. Section 190 of the tax law was amended at the same time, practically restoring the provisions of the law as it existed prior to 1906 with reference to an appraisal if a dividend of 6 per cent. or more had not been declared, and permitted the Comptroller, if not satisfied with the valuation so made and returned, to make a valuation thereof and settle the account upon the valuation so made by him.

It is urged that this amendment restored the rule established in the Roberts Case, and makes the actual value the basis of taxation in all cases where a dividend of 6 per cent. or more has not been declared. The law of 1907 provides three cases where it is necessary to have an actual appraisal of the value of the stock: (1) Where a dividend of 6 per cent. or more was not declared and the assets exceed the liabilities, including capital stock; (2) where a dividend of 6 per cent. or more was not declared, and the average price at which such stock sold during the year was equal or greater than its par value, in each of which cases the valuation cannot be less than (a) the par value of the stock, (b) the difference between the assets and liabilities exclusive of capital stock, or (c) the average price at which such stock was sold during the year; (3) corporations not taxable under any of the other subdivisions.

We therefore see that the appraisal mentioned by section 190 of the amended law is necessary in many cases, and it is very proper, in every case where the dividend is not 6 per cent. or greater, that the Comptroller have before him, as a part of the report, all the facts which may bring the case within any paragraph of the section, so that he may better determine under which paragraph it properly falls. Sections 190 and 182 are not, therefore, antagonistic, but may be harmonized and read together. Section 190 does not destroy the plain provisions of section 182, where the par value of the stock is made the basis for computation. The relator falls clearly within the provisions of section 182, which make the par value of the stock the basis upon which the tax is to be computed.

The appellant contends that during part of the year 1906 its business was necessarily suspended, and that under People ex rel. Mutual Trust Co. v. Miller, 177 N. Y. 51, 69 N. E. 1092, a tax should not be imposed upon it for the entire year. The amendment of section 182 in 1906, imposing a franchise tax upon corporations, required that the tax be paid annually in advance. The Comptroller has erroneously stated that the tax under review was for the two years ending October 31, 1907. The Comptroller stated this tax January 31, 1907, as due and payable on January 15, 1907, for the year ending October 31, 1906, and on January 15, 1908, for the year ending October 31, 1907. As the tax is payable in advance, no tax was stated against the relator for the year 1906; but the statements under the law were

actually for the years 1907 and 1908. The status of the corporation on the 31st of October for each preceding year is made the basis upon which the tax to be paid in advance for the succeeding year is to be based. The business of the preceding year is, therefore, only important as giving the measure by which the tax for the following year may be computed. No question is raised but the relator was continuously in business during both the years for which the tax is payable.

The determination of the Comptroller should be modified, so that it will appear that the tax is for the two years ending October 31, 1908, and, as so modified, confirmed, with $50 costs to be paid by the relator. All concur.