The People of the State of New York ex rel. The Singer Manufacturing Company, Respondent, v. Edward Wemple, Comptroller of the State of New York, Appellant.

Corporation Tax — Foreign Corporation — Surplus Invested in Real Estate not Used in Business, not Taxable as Capital Stock. Surplus earnings of a foreign manufacturing corporation carrying on a portion of its business in this state, invested in real estate in this state leased by it to third parties, and not occupied by the corporation or used by it in transacting its ordinary business, and taxable for general state and local purposes, do not constitute capital stock; and, while such investment influences the amount of the corporation tax by increasing the dividends or the valuation of the capital stock, it is not taxable as "capital stock employed within this state," under the Corporation Tax Act of 1880 (Chap. 542), as amended by chapter 501 of Laws of 1885.

People ex rel. Singer Mfg. Co. v. Wemple, 78 Hun, 63, affirmed.

(Argued June 9, 1896; decided October 6, 1896.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made May 8, 1894, which reversed, upon certiorari, a decision of the comptroller of the state of New York imposing a tax upon the relator, as a foreign corporation, for the year ending November 1, 1890, in the sum of $2,569.99, and reducing the amount to $1,163.74.

The facts, so far as material, are stated in the opinion.

*T. E. Hancock, Attorney-General,* for appellant. The words capital or capital stock, as used in section 11 of the Corporation Tax Law, mean the aggregate assets or property employed by the company in doing business in this state. (*People ex rel. v. Wemple,* 129 N. Y. 563; *People v. E. T. Co.,* 96 N. Y. 393; *People ex rel. v. Comrs. of Taxes,* 95 N. Y. 558; *People v. H. S. M. Co.,* 38 Hun, 276; 105 N. Y. 76; *People ex rel. v. Wemple,* 133 N. Y. 328; *People v. A. Ins. Co.,* 92 N. Y. 458; Laws of 1890, chap. 564, § 23.) Under former decisions of the court the sum of $900,000, from surplus earnings invested by the corporation in real property in the city of

1896.] People ex rel. Singer Mfg. Co. *v.* Wemple. 47

N. Y. Rep.] Points of counsel.

New York in 1890, for the purpose of deriving a revenue therefrom and providing itself with a place of business, was a part of its capital employed within this state, and was properly included by the comptroller in his valuation of the capital so employed for the purpose of determining the amount of tax which it should pay. (*People ex rel.* v. *Wemple*, 129 N. Y. 558; *People ex rel.* v. *Roberts*, 149 N. Y. 608; *People ex rel.* v. *Campbell*, 144 N. Y. 166; *People ex rel.* v. *Campbell*, 138 N. Y. 545; *People ex rel.* v. *Campbell*, 145 N. Y. 591; *People ex rel.* v. *Wemple*, 138 N. Y. 583; *People ex rel.* v. *Wemple*, 133 N. Y. 323; *People ex rel.* v. *Wemple*, 131 N. Y. 64; *People ex rel.* v. *Coleman*, 126 N. Y. 433.) The money invested in the purchase of the real estate in New York city by the relator was capital employed in the business of the corporation in this state, and so was taxable. (Laws of 1890, chap. 563, § 12; Laws of 1890, chap. 564, § 17; *People ex rel.* v. *Campbell*, 144 N. Y. 166; *C. & B. Co.* v. *New Orleans*, 99 U. S. 97; *Knapp* v. *O'Neill*, 46 Hun, 318; *Sherrill* v. *Hewitt*, 36 N. Y. S. R. 321; *Butler* v. *City of Oswego*, 56 Hun, 358; *People ex rel.* v. *Wemple*, 131 N. Y. 64.) The fact that the corporation may be assessed and pay a property tax on the real estate owned by it is immaterial here. (*People* v. *H. Ins. Co.*, 92 N. Y. 347; *People ex rel.* v. *Campbell*, 74 Hun, 101; 143 N. Y. 625; 92 N. Y. 329.)

*Julien T. Davies* for respondent. The sum of $900,000 was not taxable, because it was not a part of the capital stock of the company, and was derived from the surplus of the corporation. (Code Civ. Proc. §§ 2138, 2140; *People ex rel.* v. *Comrs.*, 106 N. Y. 64; *People ex rel.* v. *Barker*, 139 N. Y. 55, 62.) The property of a corporation designated as its surplus is no part of its capital stock. (*People ex rel.* v. *Coleman*, 126 N. Y. 433; *People ex rel.* v. *Roberts*, 82 Hun, 313.) The tax must be based upon capital stock, and not upon property or assets sometimes loosely designated as capital. (*People ex rel.* v. *Wemple*, 138 N. Y. 1, 7; *People* v. *H. Ins. Co.*, 92 N. Y. 328; *H. Ins. Co.* v. *N. Y. State*, 134 U.

S. 594; *People* v. *E. T. Co.*, 96 N. Y. 387; Laws of 1880, chap. 542, § 3.) The amendments to chapter 542, Laws of 1880, do not enlarge the scope of the act, or authorize the taxation of property as distinguished from capital stock. (*People* v. *D. & H. C. Co.*, 54 Hun, 598; 121 N. Y. 666; *People* v. *E. T. Co.*, 96 N. Y. 387.) Even if the moneys invested in the New York real estate were actually part of the "capital stock" of the relator, they are not "employed within the state" in the sense that the statute intends. (Laws of 1885, chap. 501; Laws of 1880, chap. 542; *People* v. *E. T. Co.*, 96 N. Y. 387; *People ex rel.* v. *Wemple*, 131 N. Y. 64, 68; *People ex rel.* v. *Campbell*, 139 N. Y. 68; *People ex rel.* v. *Wemple*, 129 N. Y. 558; *People* v. *A. B. T. Co.*, 117 N. Y. 241.) The theory of the appellant would result in double taxation. (*People ex rel.* v. *Coleman*, 135 N. Y. 231.) The procedure of the relator was regular and correct. (*People ex rel.* v. *Campbell*, 139 N. Y. 68.) The determination of the comptroller cannot be sustained as matter of fact and was properly set aside. (Code Civ. Proc. §§ 2140, 2143; Laws of 1889, chap. 463.)

BARTLETT, J. The relator is a foreign corporation carrying on a portion of its business in this state. The comptroller of the state of New York imposed a tax on the corporation for the year ending November 1st, 1890, of $2,569.99, under chapter 542, Laws of 1880, and the acts amendatory thereof. The General Term of the third department ordered a reduction of the tax to $1,163.74, and the comptroller appeals from that order.

The facts are undisputed; the report of the relator to the comptroller fixes the amount of capital stock employed in this state at $372,397.10; the relator also advised the comptroller that about $900,000 of its surplus earnings were invested in real estate in the city of New York, then under lease and not occupied by it, but the intention was to erect a new building when the existing leases expired, and to use a small portion of it for the offices of the company and lease the remainder to tenants.

1896.]  People ex rel. Singer Mfg. Co. v. Wemple.  49

N. Y. Rep.]  Opinion of the Court, per Bartlett, J.

The comptroller insists that the amount so invested in real estate must be added to the capital stock reported as employed in this state and the tax computed on the total sum, while the relator contends that the real estate constitutes no part of the capital stock employed within this state.

We are of opinion that the amount represented by the real estate was no portion of the capital stock employed within this state even if the $900,000 was a part of the capital stock of the company; it was an independent investment, and was in no sense employed within this state in the transaction of the ordinary business of the relator. (*People ex rel. The Southern Cotton Oil Company* v. *Wemple*, 131 N. Y. 64.) If at any time the whole or any portion of this real estate should be used by the relator in carrying on its business in this state a different question would be presented, which need not now be considered.

This real estate, under the conditions existing in 1890, was taxable for general state and local purposes.

Our decision might very well rest on the foregoing point, but as it is conceded that the $900,000 invested in real estate was a portion of the surplus earnings of the relator, and the effect of this fact in the case was fully discussed at the bar and in the briefs, we will consider the question. In order to determine how surplus earnings are regarded after the payment of expenses and dividends, in the taxation of foreign corporations, it is necessary to recall the legislative scheme as disclosed in chapter 542, Laws of 1880, and its amendments.

It is to be observed that this tax is not imposed upon property, but in the case of a domestic corporation on its franchises, and of a foreign corporation on its business. (*People ex rel. Penn. R. R. Co.* v. *Wemple*, 138 N. Y. 1.)

In the case of a foreign corporation it is the duty of the taxing officer to first ascertain the amount of its capital stock employed within this state (Ch. 501, Laws 1885, § 11) and then compute the tax thereon, as the statute directs. (Ch. 542, Laws 1880, § 3.) In the case at bar as the annual dividend was more than six per centum, the tax was fixed at one-

quarter mill upon each dollar of the capital stock for each one per centum of dividends, and the total dividend declared was twelve per centum.

This court has very clearly defined what is capital stock.

In *People ex rel. The Union Trust Co.* v. *Coleman et al., etc.* (126 N. Y. p. 437), Judge Finch said :

"While the nominal or par value of the capital stock and share stock are the same, the actual value is often widely different.    The capital stock of the company may be wholly in cash or in property, or both, which may be counted and valued.    It may have in addition a surplus consisting of some accumulated and reserved fund, or of undivided profits, or both, but the surplus is no part of the company's capital stock, and, therefore, is not itself capital stock.    The capital cannot be divided and distributed ; the surplus may be.    But the surplus does enter into and form part of the share stock, for that represents and absorbs into its own value surplus as well as capital, and the franchise in addition.    So that the property of every company may consist of three separate and distinct things, which are its capital stock, its surplus, its franchise ; but these three things, several in the ownership of the company, are united in the ownership of the stockholders."

It is, therefore, clear that when the comptroller added to the sum of $372,397.10, which was the amount of relator's capital stock employed within this state, the amount of about $900,000 of surplus earnings invested in real estate, he created an aggregate which was in no legal sense capital stock, nor was it employed in transacting the ordinary business of the relator within this state.

It does not follow, however, that the surplus of a corporation escapes taxation because it constitutes no part of the capital stock ; the scheme of taxation as applicable to corporations, both domestic and foreign, practically secures the contrary result.    If the corporation pays six per cent and over in dividends the tax is a quarter mill for each one per cent of dividend for each dollar of capital stock taking it at par ; if

the corporation pays less than six per cent the tax is one and one-half mills on each dollar of capital stock, not taken at par, but at an appraised valuation.

In either case the surplus necessarily exerts a controlling influence in fixing the amount of the tax; it must swell the dividends declared or increases the valuation of the capital stock.

If after bringing about one or the other of these results the surplus is to be treated as part of and added to the capital stock, it would result in double taxation, and, in the case at bar, in treble taxation, as the real estate in question was subject, as already pointed out, to taxation for general state and local purposes.

We decide this case on its peculiar facts, and are not to be understood as in any way changing the rule laid down in *People ex rel. Seth Thomas Clock Co.* v. *Wemple* (133 N. Y. 323), that the capital stock of a foreign corporation employed in this state is represented by the actual value of its property, whether in money or goods or other tangible things; nor are we dealing with the question which the learned attorney-general suggested might arise when the surplus alone should be used to purchase the property of a foreign corporation employed within this state in the transaction of its ordinary business, and for that reason it would be claimed it was no part of the capital stock.

If a foreign corporation should see fit to employ its surplus earnings, or any part thereof, in improving its buildings and plant and adding to the personal property necessary to conduct its business in this state, instead of paying it out in dividends to stockholders, or maintaining it as a reserved fund, the situation would doubtless present a practical increase of the capital stock and be dealt with accordingly. (*Gibbons* v. *Mahon*, 136 U. S. 549.)

In the case at bar the relator is taxed on all of its capital stock employed within this state, and the order appealed from should be affirmed, with costs.

All concur.

Order affirmed.