PEOPLE ex rel. NIAGARA RIVER HYDRAULIC CO. v. ROBERTS.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

FRANCHISE TAX.

The franchise tax imposed upon a domestic corporation under Laws 1880, c. 542, § 3, is based upon its capital employed within the state, and is graduated according to dividends earned. *Held*, that a decision of the comptroller assessing a tax upon the capital stock of a corporation invested in unproductive real estate, which it was holding as an investment merely, was unauthorized.

Putnam, J., dissenting.

Certiorari by the people, on the relation of the Niagara River Hydraulic Company, against James A. Roberts, as comptroller of the state, to review a decision assessing a franchise tax against relator. Decision reversed.

Certiorari to review the decision of the comptroller in assessing a tax against the relator on $125,000 of capital stock in the sum of $3,000, with a penalty of $300. The relator is a domestic corporation organized under chapter 116 of the Laws of 1852. This corporation was organized in said year with a total authorized capital stock of $150,000. The number of shares into which its capital stock was divided was 1,500. The par value of each is $100. The capital stock was issued in payment for a certain piece of real estate known as "Squaw Island," situate in the Niagara river, which has ever since remained the property of the relator, and is the only property the corporation owns. The island consists of unimproved swamp land, unoccupied, except six or seven acres taken by the International Bridge Company, the compensation for which was $8,000. The island has been assessed by the city of Buffalo at the valuation of $125,000. Under its articles this corporation had the right to purchase and hold and lease real estate, and it held it during the period for which this tax under review was assessed. The company has maintained its organization, held this property, paid taxes upon it, and collected annually about $45 for the grass crop.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edward C. Perkins, for relator.

G. D. B. Hasbrouck, Dep. Atty. Gen., for respondent.

LANDON, J. The contention of the relator is that the tax contemplated by the statute is upon the active use of its capital in its corporate business, not upon the passive holding of it in the form of an unproductive investment. The learned attorney general relies upon the letter of the statute, which declares that "every corporation * * * organized under any law of this state, except manufacturing * * * corporations * * * carrying on manufactures within this state * * * shall be subject to and pay a tax," etc. Laws 1880, c. 542, § 3. As the relator does no manufacturing, it is not exempt upon that ground. People v. Horn Silver-Min. Co., 105 N. Y. 82, 11 N. E. 155; People v. Campbell, 144 N. Y. 173, 38 N. E. 990. The franchise tax is imposed upon domestic corporations because of their franchise. It is based upon their capital "employed within this state," and graduated according to dividends earned. In respect to foreign corporations, we do not grant them their franchises, but we permit them to do business here; and, as we should not accord them superior advantages over domestic corporations, we try to impose the same rate of taxation upon them, and thus we tax them upon their business upon the same basis and scale. In People v. Wemple, 150 N. Y. 46, 44 N. E. 787, it was held as to a foreign corporation that the money, whether capital or surplus, which it invested in real estate here, not for the transaction of its ordinary business, but for rental, was not "employed within this state," within the meaning of the statute. If capital can be invested without being employed, the case before us seems to be a fair instance of it. Of course, the statute does not contemplate that a foreign corporation shall, in this respect, be more favored than a domestic one, and hence we must hold that the relator was not liable to the franchise tax.

Determination of the comptroller reversed, with $50 costs and disbursements. All concur, except PUTNAM, J., dissenting.