The People of the State of New York ex rel. Niagara River Hydraulic Company, Relator, *v.* James A. Roberts, as Comptroller of the State of New York, Respondent.

*Taxation of domestic corporation— it should not be based upon capital invested in unproductive land.*

The tax to be assessed by the Comptroller against every domestic corporation, other than manufacturing corporations, contemplated by the statute, is to be based upon capital actively employed in its corporate business, and not upon the passive holding of it in the form of an unproductive investment ; and a corporation whose entire capital stock was issued in payment for an island, consisting of unimproved swamp land, is not taxable within the contemplation of the statute.

Putnam, J., dissented.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of May, 1897, directed to James A. Roberts, Comptroller of the State of New York, commanding him to certify and return to the office of the clerk of the county of Albany all and singular his proceedings in assessing a tax against the relator on $125,000 of capital stock, in the sum of $3,000, with a penalty of $300.

The relator is a domestic corporation organized under chapter 116 of the Laws of 1832. This corporation was organized in said year, with a total authorized capital stock of $150,000. The number of shares in which its capital stock was divided was 1,500. The par value of each is $100. The capital stock was issued in payment for a certain piece of real estate, known as "Squaw Island," situate in the Niagara river, which has ever since remained the property of the relator and is the only property the corporation owns. The island consists of unimproved swamp land, unoccupied except six or seven acres taken by the International Bridge Company, the compensation for which was $8,000. The island has been assessed by the city of Buffalo at the valuation of $125,000. Under its articles this corporation had the right to purchase and·hold and lease real estate, and it held it during the period for which this tax under review was assessed. The company has maintained its organization, held this property, paid taxes upon it, and collected annually about $45 for the grass crop.

*Edward C. Perkins* and *J. Burnet Nash,* for the relator

*G. D. B. Hasbrouck, Deputy Attorney-General,* for the respondent.

LANDON, J.:

The contention of the relator is that the tax contemplated by the statute is upon the active use of its capital in its corporate business, not upon the passive holding of it in the form of an unproductive investment.·

The learned Attorney-General relies upon the letter of the statute which declares that "every corporation    *    *    *    incorporated under any law of this State,    *    *    *    except    *    *    *    manufacturing corporations carrying on manufacture within this State

\* \* \* shall be subject to and pay a tax," etc. (§ 3, chap. 542, Laws of 1880.) As the relator does no manufacturing, it is not exempt upon that ground. (*People* v. *Horn Silver Mining Co.*, 105 N. Y. 82; *People ex rel. Tiffany & Co.* v. *Campbell*, 144 id. 173.)

The franchise tax is imposed upon domestic corporations because of their franchise. It is based upon their capital "employed within this State" and graduated according to dividends earned. In respect to foreign corporations, we do not grant them their franchises, but we permit them to do business here; and, as we should not accord them superior advantages over domestic corporations, we try to impose the same rate of taxation upon them, and thus we tax them upon their business, upon the same basis and scale. In *People ex rel. Singer Mfg. Co.* v. *Wemple* (150 N. Y. 46) it was held as to a foreign corporation that the money, whether capital or surplus, which it invested in real estate here, not for the transaction of its ordinary business, but for rental, was not "employed within this State" within the meaning of the statute. If capital can be invested without being employed, the case before us seems to be a fair instance of it. Of course, the statute does not contemplate that a foreign corporation shall, in this respect, be more favored than a domestic one, and hence we must hold that the relator was not liable to the franchise tax.

The determination of the Comptroller should be reversed, with fifty dollars costs and disbursements.

All concurred, except PUTNAM, J., dissenting.

Determination of Comptroller reversed, with fifty dollars costs and disbursements.