1904.]  People ex rel. Ft. George Realty Co. *v*. Miller.  49

N. Y. Rep.]                    Statement of case.

that he would have remained in ignorance of the fact that he was under the eye of a detective.

The judgment should be reversed and the defendant discharged.

Parker, Ch. J., Martin, Cullen and Werner, JJ., concur; Gray and Haight, JJ., absent.

Judgment of conviction reversed.

---

The People of the State of New York ex rel. The Fort George Realty Company, Appellant, *v*. Nathan L. Miller, as Comptroller of the State of New York, Respondent.

Tax — When Corporate Stock Is Not " Capital Employed Within This state." A corporation, composed only of tenants in common of unimproved city real estate and organized solely for the purpose of taking title to the property so as to raise funds by mortgage thereon to pay past due mortgages, taxes and assessments on the property and hold the same until it can be sold for such a price that the owners thereof may obtain something for their interest therein, is not liable to the franchise tax imposed by the statute (Tax Law, L. 1896, ch. 908, § 182), since the stock of such corporation is not capital "employed within this state" within the meaning of the statute.

*People ex rel. Fort George Realty Co.* v. *Miller*, 96 App. Div. 588, reversed.

(Argued June 3, 1904; decided June 17, 1904.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered February 10, 1904, which modified and affirmed as modified a decision of the state comptroller in assessing a franchise tax against the relator.

The facts, so far as material, are stated in the opinion.

*Theodore M. Taft* for appellant. Relator had no capital "employed within this state" and was not subject to any franchise tax. (*People ex rel.* v. *Roberts*, 30 App. Div. 180; *People ex rel.* v. *Miller*, 177 N. Y. 54; *People ex rel.* v.

4

50 People ex rel. Ft. George Realty Co. *v.* Miller. [June,

Opinion of the Court, per Parker, Ch. J.        [Vol. 179.

*Morgan,* 57 App. Div. 335; *People ex rel.* v. *Knight,* 173 N. Y. 262.)

*John Cunneen, Attorney-General* (*William H. Wood* on the brief) for respondent. The entire capital stock of the relator was "employed within this state," and was, therefore, subject to taxation under the provisions of the Tax Law (L. 1896, ch. 908, § 182).

Parker, Ch. J. The Fort George Realty Co. is the owner of real estate which it was created to take title to and hold under the following circumstances :

Charles Francis Griffin purchased the property in July, 1877. It was then unimproved, and no improvements have since been made except that a tenant built a small building for which, with the grounds about it, he paid a yearly rental of $800. As the property was then covered by mortgages aggregating $32,000, there was required to pay the interest and taxes upon the property about $2,000 a year, a sum exceeding by about $1,200 the gross income from the property.

Griffin died in November, 1894, his heirs at law being his widow, Edward Payson Griffin and his five sons, and the three children of a deceased brother. After his death assessments aggregating between $60,000 and $70,000 accumulated against the property. Thereupon one of the mortgagees threatened to foreclose. And the property also had been advertised for sale for unpaid taxes and assessments. To raise the money to pay the taxes and assessments, and prevent the property from being sacrificed, a real estate corporation was formed. Those interested in the property transferred their interest to the corporation, taking stock as full compensation, and they were the only stockholders in the corporation. A loan of $100,000 was obtained, which was employed in paying off the other mortgages and the taxes and assessments, leaving a small fund on hand with which to pay subsequently accruing taxes and interest on the mortgage.

1904.] People ex rel. Ft. George Realty Co. v. Miller. 51

N. Y. Rep.] Opinion of the Court, per Parker, Ch. J.

No improvements have been made since the title vested in the corporation, and the property is held with the hope, undoubtedly, that ultimately it may be sold for such a price as will enable those interested to obtain something for their interest in the property, which was at one time threatened in the talk of mortgage foreclosure and of sale for non-payment of taxes.

The question presented is whether the entire capital stock of relator is " employed within this state " within the meaning of the provisions of section 182 of the Tax Law. If it is, then relator must pay not only the organization tax — required when the corporation is organized — and the real estate tax — annually assessed against the property — but also a franchise tax.

This property appears on the tax books of the city of New York as of the assessed value of $116,000. If Charles Francis Griffin was alive he would have to pay no other tax on the property, nor would his heirs at law if the title was still in them ; but for convenience, as we have seen, they created a corporation to hold the title, the individual heirs at law taking stock for their proportionate shares. In organizing that corporation they had to pay an organization tax. The question now is whether they must in addition pay a franchise tax, and that depends upon the meaning to be given to the words, " employed within this state," used in section 182 of the Tax Law. That question we regard as having been settled so firmly by the decisions of this court as to be no longer open for discussion.

In *People ex rel. Singer Mfg. Co. v. Wemple* (150 N. Y. 46) the relator, a foreign corporation doing business in this state, invested a portion of its surplus earnings in real estate in this state, which was leased by it to third parties. This court holds, Judge Bartlett writing, that this $900,000 investment by the corporation in real estate was no portion of its capital stock employed within this state, and in the course of the opinion it is said (p. 49) : " The comptroller insists that the amount so invested in real estate must be added to the

capital stock reported as employed in this state and the tax computed on the total sum, while the relator contends that the real estate constitutes no part of the capital stock employed within this state. We are of the opinion that the amount represented by the real estate was *no portion of the capital stock employed within this state, even if the $900,000 was a part of the capital stock of the company;* it was an independent investment, and was in no sense employed within this state in the transaction of the ordinary business of the relator."

In *People ex rel. Niagara River Hydraulic Co.* v. *Roberts* (157 N. Y. 676; 30 App. Div. 180) the decisions of the comptroller and the court below are affirmed upon the opinion of Mr. Justice Landon. In that case the relator was a domestic corporation with a total authorized capital stock of $150,000, all issued in payment for a piece of real estate known as Squaw island, in the Niagara river, which has ever since remained the property of relator, and is the only property the corporation owns. Under its articles the corporation had the right to purchase and hold and lease real estate, and it held the real estate in question during the period for which the tax under review was assessed. The court says (30 App. Div. 182): " The franchise tax is imposed upon domestic corporations because of their franchise. It is based upon their capital 'employed within this state,' and graduated according to dividends earned * * * In *People ex rel. Singer Mfg. Co.* v. *Wemple* (150 N. Y. 46) it was held as to a foreign corporation that the money, whether capital or surplus, which it invested in real estate here, not for the transaction of its ordinary business, but for rental, was not 'employed within this state' within the meaning of the statute. If capital can be invested without being employed, the case before us seems to be a fair instance of it. Of course, the statute does not contemplate that a foreign corporation shall, in this respect, be more favored than a domestic one, and hence we must hold that the relator was not liable to the franchise tax."

It can be said in *this* case that if capital can be invested

without being employed — and we have held in two cases that it can — this case is as good an illustration of it as can be found.

It follows that the authorities referred to require a reversal of so much of the order of the Appellate Division as is appealed from, with costs.

O'BRIEN, CULLEN and WERNER, JJ., concur; BARTLETT, MARTIN and VANN, JJ., dissent on the ground that the relator is a corporation whose sole business is to acquire, hold and sell real estate.

Order reversed.