(93 App. Div. 584)

## PEOPLE ex rel. WALL & HANOVER STREET REALTY CO. v. MILLER, State Comptroller.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. CORPORATIONS—BUSINESS TAX—ASSESSMENT.

Where a corporation commenced business in New York on July 30, 1900, it was only taxable for one-fourth of a year's tax business and franchise tax assessed on October 31st of that year.

2. SAME.

Where a foreign corporation was organized with a paid-in capital stock, invested in improved real estate previously owned by the several stockholders in common, dividends being derived from rentals of such property, the capital so invested was "the capital employed within the state," within the tax law (Laws 1896, p. 856, c. 908, §§ 181, 182), and hence the corporation was properly taxable thereunder.

Certiorari by the people, on relation of the Wall & Hanover Street Realty Company, against Nathan L. Miller, as Comptroller of the State of New York, to review the latter's determination imposing a license and business tax on relator. Determination modified and affirmed.

The relator is a foreign corporation. It has obtained a certificate from the Secretary of State authorizing it to do business within the state. The authorized capital stock of the company is $440,000. The capital stock was all issued and paid for in cash on or about July 30, 1900. The objects of the corporation, as stated in its certificate, are the purchase, improvement, sale, and rental of real estate. All of its capital is invested in real estate at the corner of Wall and Hanover streets, in the city of New York. This property was formerly owned by one James Brown. Upon his death the property became vested in 32 several owners in common. The property consists of improved real estate, upon which stands a large office building, with many tenants, which pays to its owners a net income of 2 per cent. The shares of stock of this corporation are all held by those interested in the estate through the death of the former owner. The Comptroller charged the relator a license fee for permission to do business, as directed by section 181 of the tax law, and imposed a franchise tax, under section 182 of the tax law, for two years prior to October 31, 1901. This tax the Comptroller declined to modify upon application. To review this decision, this writ of certiorari has been issued.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Lord, Day & Lord (Lucius H. Beers and Herbert C. Lakin, of counsel), for relator.

John Cuneen, Atty. Gen. (William H. Wood, of counsel), for respondent.

SMITH, J. As to the amount of tax assessed, if the relator be taxable, one question only is raised. The tax was assessed for a full year prior to October 31, 1900, whereas the corporation commenced doing business only upon July 30, 1900. The correction of the assessment to provide for the payment of only one-fourth of that year's tax is consented to by the Attorney General.

The main contention is upon the right of the Comptroller either to exact a license fee or any franchise tax. The relator contends that this corporation is organized simply for the purpose of holding this real property as an investment; that it is employing no capital within the

state; that it is not, in fact, engaged in active business within the state, the entire management of the property, the renting and collection of rentals, and attending to the details of the business being left entirely to real estate agents, as it was prior to the formation of the corporation. Is this contention, however, an accurate statement of the situation? Conceive a corporation organized, as this was, to purchase, hold, and convey real estate, and lease and exchange the same, as might be done by an individual. If the capital stock of that corporation consist of $1,000,000, and therewith the corporate officers should purchase improved real estate, or unimproved real estate, and put improvements thereupon, and proceed to collect the rentals, from which dividends should be paid to the stockholders, I apprehend that such corporation would be doing business within the state, and that the capital thus invested, from which returns were being received and dividends paid, would be deemed capital employed within the state. Now, how do the facts in the case at bar differ from the supposed case? The amount of capital stock was paid in in cash—$440,000. It was invested, it is true, in property that was owned by the several stockholders. It might as well, however, have been invested in other property. The advantages which surround the organization of a corporation were given to them that they might thus conduct their business as a corporation. It can hardly matter whether the business of that corporation be done with salaried officers, or be done by paid servants or paid agents. These stockholders have availed themselves of the right of incorporation for the purpose of conducting a live business. I am unable to see, therefore, why they are not conducting business within the state, and why the capital invested in such business is not capital employed within the state, within the meaning of the tax law (Laws 1896, p. 795, c. 908).

The Court of Appeals has held no other rule of law. The case cited as controlling this case is People ex rel. Ft. George Realty Company v. Miller, 179 N. Y. 49, 71 N. E. 463. That was, however, a case of unimproved real estate which was purchased and owned by the corporation. The object of that incorporation is stated by the Chief Judge, who wrote the opinion, to be "to raise the money and pay the taxes and assessments, and prevent the property from being sacrificed." The interest upon the mortgage which was upon the property largely exceeded the whole rental received from the property. Under such circumstances, by a divided court, the Court of Appeals has held that the capital of that corporation was not so "employed within the state" as to render the corporation liable to the payment of a franchise tax. In People ex rel. Niagara River Hydraulic Company v. Roberts, 30 App. Div. 180, 51 N. Y. Supp. 771, affirmed, 157 N. Y. 676, 51 N. E. 1093, a case was presented of the ownership of unimproved real property in which was invested the sum of $150,000, from which the income was only $45 a year, received from the grass sold from the land. Other cases are cited where corporations are formed for manufacturing or other purposes, which corporations have money invested in real estate which is not in any way employed in the ordinary business of the corporation. In those cases it has been held that the money so invested might be deemed the investment of surplus moneys, and not the employ-

ment of capital within the state. It has never been held, however, where the purchase and sale and rental of real estate were the primary objects of the formation of the corporation, that capital of such a corporation invested in improved real estate was not employed within the state, within the meaning of the tax law. It is probably true that whether or not the corporation pays dividends is not ordinarily a material fact in determining whether capital invested in such property is employed within the state. Whether or not, however, such property be improved or unimproved, and whether any or a substantial income be derived therefrom, may be relevant and important facts in determining the question as to whether the money invested therein is to be deemed the employment of capital, or an investment, pure and simple. We are of the opinion that the Comptroller committed no error when he held the corporation liable for a tax both under section 181 and section 182 of the general tax law (Laws 1896, p. 856, c. 908). The determination of the Comptroller is modified as stated in the opinion, and, as modified, affirmed, without costs to either party. All concur.