We have examined fully the record in this case and find no errors which call for a reversal of the determination made.

All concurred ; CHESTER, J., in result.

Determination unanimously confirmed, with fifty dollars costs and disbursements.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WALL AND HANOVER STREET REALTY COMPANY, Relator, *v.* NATHAN L. MILLER, as Comptroller of the State of New York, Respondent.

*A foreign corporation holding and renting real estate transferred to it by a number of cotenants who hold all its capital stock is liable to a license fee and a franchise tax —its capital is employed within the State of New York — whether the property is improved or unimproved and the income derived therefrom are relevant facts.*

Upon the death of the owner of a large office building located in the city of New York, the property became vested in thirty-two tenants in common. A foreign corporation was then formed and a certificate authorizing it to do business in the State of New York was obtained. The objects of the corporation, as stated in its certificate, were the purchase, improvement, sale and rental of real estate. All of the authorized capital stock, amounting to $440,000, was paid in in cash and was invested in the office building. All of such stock was held by those interested in the estate of the former owner. The office building yielded a net income of two per cent. The renting and collection of rentals and the details of the business were left entirely to real estate agents the same as it had been prior to the formation of the corporation.

*Held*, that the corporation was doing business within the State of New York and that the capital invested in the office building was capital employed within the State of New York within the meaning of the Tax Law;

That the corporation was consequently liable for a license fee under section 181 of the Tax Law and for a franchise tax under section 182 of that law;

Whether or not a corporation pays dividends is not ordinarily a material fact in determining whether capital of a foreign corporation, invested in real estate located within the State of New York, is capital stock employed within the State of New York; but whether or not such property be improved or unimproved, and whether or not a substantial income is derived therefrom, may be relevant and important facts in determining the question as to whether the money invested therein is to be deemed the employment of capital or an investment pure and simple.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of May, 1903, directed to Nathan L. Miller, as Comptroller of the State of New York, requiring him to certify and return to

the office of the clerk of the county of Albany all and singular his proceedings had in refusing to resettle a tax imposed upon the relator as a license tax, and also one imposed upon the relator for carrying on·business within the State of New York.

The relator is a foreign corporation. It has obtained a certificate from the Secretary of State authorizing it to do business within the State. The authorized capital stock of the company is $440,000. The capital stock was all issued and paid for in cash on or about July 30, 1900. The objects of the corporation as stated in its certificate are the purchase, improvement, sale and rental of real estate. All of its capital is invested in real estate at the corner of Wall and Hanover streets in the city of New York. This property was formerly owned by one James Brown. Upon his death the property became vested in thirty-two several owners in common. The property consists of improved real estate upon which stands a large office building with many tenants, which pays to its owners a net income of two per cent. The shares of stock of this corporation are all held by those interested in the estate through the death of the former owner. The Comptroller charged the relator a license fee for permission to do business, as directed by section 181 of the Tax Law, and imposed a franchise tax under section 182 of the Tax Law for two years prior to October 31, 1901. This tax the Comptroller declined to modify upon application. To review this decision this writ of certiorari has been issued.

*Lucius H. Beers, Henry De Forest Baldwin* and *Herbert C. Lakin,* for the relator.

*John Cunneen, Attorney-General,* and *William H. Wood,* for the respondent.

SMITH, J.:

As to the amount of tax assessed, if the relator be taxable, one question only is raised. The tax was assessed for a full year prior to October 31, 1900, whereas the corporation commenced doing business only upon July 30, 1900. The correction of the assessment to provide for the payment of only one-fourth of that year's tax is consented to by the Attorney-General.

**586** PEOPLE ex rel. WALL, ETC., REALTY *v.* MILLER.

THIRD DEPARTMENT, NOVEMBER, 1904. [Vol. 98.

The main contention is upon the right of the Comptroller either to exact a license fee or any franchise tax. The relator contends that this corporation is organized simply for the purpose of holding this real property as an investment; that it is employing no capital within the State; that it is not in fact engaged in active business within the State, the entire management of the property, the renting and collection of rentals and attending to the details of the business being left entirely to real estate agents as it was prior to the formation of the corporation. Is this contention, however, an accurate statement of the situation? Conceive a corporation organized as this was to purchase, hold and convey real estate, and lease and exchange the same as might be done by an individual. If the capital stock of that corporation consist of $1,000,000 and therewith the corporate officers should purchase improved real estate or unimproved real estate and put improvements thereupon, and proceed to collect the rentals from which dividends should be paid to the stockholders, I apprehend that such corporation would be doing business within the State, and that the capital thus invested from which returns were being received and dividends paid would be deemed capital employed within the State. Now, how do the facts in the case at bar differ from the supposed case? The amount of capital stock was paid in in cash — $440,000. It was invested, it is true, in property that was owned by the several stockholders. It might as well, however, have been invested in other property. The advantages which surround the organization of a corporation were given to them that they might thus conduct their business as a corporation. It can hardly matter whether the business of that corporation be done with salaried officers or be done by paid servants or paid agents. These stockholders have availed themselves of the right of incorporation for the purpose of conducting a live business. I am unable to see, therefore, why they are not conducting business within the State, and why the capital invested in such business is not capital employed within the State within the meaning of the Tax Law.

The Court of Appeals has held no other rule of law. The case cited as controlling this case is *People ex rel. Fort George Realty Company* v. *Miller* (179 N. Y. 49). That was, however, a case of unimproved real estate which was purchased and owned by the corporation. The object of that incorporation is stated by the chief

judge who wrote the opinion to be "to raise the money to pay the taxes and assessments, and prevent the property from being sacrificed." The interest upon the mortgage which was upon the property largely exceeded the whole rental received from the property. Under such circumstances, by a divided court, the Court of Appeals has held that the capital of that corporation was not so "employed within this State" as to render the corporation liable to the payment of a franchise tax. In *People ex rel. Hydraulic Company* v. *Roberts* (30 App. Div. 180; affd., 157 N. Y. 676) a case was presented of the ownership of unimproved real property in which was invested the sum of $150,000, from which the income was only $45 a year received from the grass sold from the land. Other cases are cited where corporations are formed for manufacturing or other purposes, which corporations have money invested in real estate which is not in any way employed in the ordinary business of the corporation. In those cases it has been held that the money so invested might be deemed the investment of surplus moneys and not the employment of capital within the State. It has never been held, however, where the purchase and sale and rental of real estate were the primary objects of the formation of the corporation that capital of such a corporation invested in improved real estate was not employed within the State within the meaning of the Tax Law. It is probably true that whether or not the corporation pays dividends is not ordinarily a material fact in determining whether capital invested in such property is employed within the State. Whether or not, however, such property be improved or unimproved, and whether any or a substantial income be derived therefrom may be relevant and important facts in determining the question as to whether the money invested therein is to be deemed the employment of capital or an investment pure and simple. We are of the opinion that the Comptroller committed no error when he held the corporation liable for a tax both under section 181 and section 182 of the Tax Law.

All concurred.

Determination of the Comptroller modified as stated in the opinion, and as modified confirmed, without costs to either party.