## VOLUME 106,

### AND

## New York State Reporter,

## VOLUME 140.

(121 App. Div. 376.)

PEOPLE ex rel. LONG DOCK MILLS AND ELEVATOR v. WILSON, Deputy and Acting Comptroller.

(Supreme Court, Appellate Division, Third Department. September 26, 1907.)

1. TAXATION—FOREIGN CORPORATIONS—CAPITAL.
    A foreign corporation is not entirely exempt from taxation on the ground that all of its capital is employed in the state of its incorporation, and that money employed by it within this state is a part of its surplus.

2. SAME—CAPITAL EMPLOYED WITHIN STATE—WHAT CONSTITUTES.
    Money of a foreign corporation invested in structures on leased ground is capital employed within this state under the corporation tax law, although the structures may become in law the property of the owner of the ground.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 290.]

3. SAME—CAPITAL STOCK—SURPLUS.
    A New Jersey corporation had a branch office in New York. The capital stock authorized by its charter to the amount of $25,000 was actually invested in New Jersey; the additional amount of $12,500 being invested out of its surplus in this state. Held that, for the purpose of taxation under the corporation tax law, dividends paid within the year should be estimated as paid on a capital stock of $37,500, and not on one of $25,000.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 634.]

Certiorari by the people, on the relation of the Long Dock Mills and Elevator, against William C. Wilson, deputy and acting Comptroller of the state, to review an assessment of a franchise tax. Determination of Comptroller modified, and, as modified, affirmed.

106 N.Y.S.—1

The relator is a foreign corporation organized under the laws of the state of New Jersey, and having its principal office at Jersey City. It also has a branch office in the city of New York. Its business is that of buying and selling grain, hay, and feed and storing the same. Its capital stock as provided by its articles of incorporation was $25,000. It began business by buying a mill in New Jersey and paying $22,000 therefor, and the remaining $3,000 was invested in personal property in New Jersey. No dividends were paid for the first three years and a large amount accumulated, to wit, about $125,000, which the relator calls surplus. This accumulation was at least in part reinvested in the active business of the corporation, and the moneys expended in New York state and taxed here are undoubtedly part of this accumulation. The dividends paid within the last year amounted to $50,000. This was assumed by the Comptroller to be 200 per cent. upon the $25,000 of capital named in the certificate of incorporation, and the tax was assessed upon that basis. After a rehearing the Comptroller refused to reduce the assessment, and by this writ the relator seeks to have the determination reviewed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

A. Dudley Britton, for relator.
George P. Decker, for respondent.

SMITH, P. J. We do not agree that the relator should be entirely exempt from taxation on the ground that all of its capital was employed within the state of New Jersey, and that the amount held to have been employed as capital within this state is a part of the company's surplus. To uphold such a contention would be to open the way to an easy evasion of the tax law of this state. See, also, People ex rel. Commercial Cable Co. v. Morgan, 178 N. Y. 433, 70 N. E. 967, 67 L. R. A. 960. In the case cited, Judge Werner, in writing for the court, says:

"In construing this section of the corporation tax law, the authorized issue of the share stock of a corporation needs to be considered only as fixing the limit beyond which the corporate franchise cannot be taxed in a case where all of the corporate capital is employed within this state."

Nor can it be material that the money was expended upon leased ground, and that the structures erected thereby might become in law the property of the owner of the ground. It is nevertheless capital employed within this state, whether invested in structures upon leased ground or upon ground that was the property of the corporation itself. If these moneys be deemed a practical increase of capital stock as is suggested by Judge Bartlett in People ex rel. Singer v. Wemple, 150 N. Y. 46, 44 N. E. 787, then the dividend should be estimated as a dividend upon the increased amount of capital stock. The capital stock authorized by the charter to the amount of $25,000 was actually invested in New Jersey. It appears that the amount of $12,500 in round numbers was in addition invested in this state. The $50,000 of dividends should be estimated, then, as paid upon a capital stock of $37,500, instead of upon a capital stock of $25,000. Otherwise the surplus actively used in this state would be deemed capital stock, for the purpose of taxation, but not capital stock for the purpose of determining the amount of taxation. This would be an unnecessary construction of the statute, and in my judgment an unjust one. The as-

sessment should therefore be modified to this extent, and, as modified, the determination of the Comptroller should be affirmed, without costs.

Determination of the Comptroller modified, and, as modified, affirmed without costs. All concur.