THE PEOPLE OF THE STATE OF NEW YORK ex rel. VANDERVOORT REALTY COMPANY, Appellant, *v.* MARTIN H. GLYNN, as Comptroller of the State of New York, Respondent.

**Tax — corporations — franchise tax a payment for privilege of exercising corporate powers.**

Upon examination of the record in a proceeding by certiorari to review a determination of the state comptroller in assessing a franchise tax against a corporation, *held*, that the latter was doing business in this state and that its capital stock was employed within the state during the year for

which the tax was assessed. *People ex rel. Wall & Hanover St. Realty Co.* v. *Miller*, 181 N. Y. 328, followed.

The statute does not impose a property tax, but merely exacts a payment for the privilege of exercising corporate powers within the state. The legislature is not bound to impose the same conditions upon all corporations for the privilege of doing business in New York. It may grant or withhold the privilege in the case of each corporation as it sees fit. The rules relating to the taxation of property do not apply. *People ex rel. Fort George Realty Co.* v. *Miller*, 179 N. Y. 49, distinguished.

*People ex rel. Vandervoort Realty Co.* v. *Glynn*, 127 App. Div. 933, affirmed.

(Argued February 9, 1909; decided February 23, 1909.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 23, 1908, which confirmed, on certiorari, the proceedings of the defendant in assessing a franchise tax against the relator for the year ending October 31, 1906.

The facts, so far as material, are stated in the opinion.

*Robert H. Wilson* for appellant. The relator's capital was not " employed " within the state within the meaning of the Tax Law. (*People ex rel. F. G. R. Co.* v. *Miller*, 179 N. Y. 49; *People ex rel. N. R. H. Co.* v. *Roberts*, 157 N. Y. 676; *People ex rel. S. M. Co.* v. *Wemple*, 150 N. Y. 46; *People ex rel. W. H. R. Co.* v. *Miller*, 181 N. Y. 328.) The relator was not " doing business in this state." (*P. C. Co.* v. *McKeever*, 183 N. Y. 98; *People ex rel. S. M. Co.* v. *Wemple*, 150 N. Y. 46; *People ex rel. Tower Co.* v. *Wells*, 182 N. Y. 553; 98 App. Div. 82.) If this relator is taxable under section 182 of the Tax Law, then such section is unconstitutional and void, as it deprives the relator of its property without due process of law, and denies to it the equal protection of the laws. (U. S. Const. art. 14, § 1; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431; *H. Ins. Co.* v. *New York*, 134 U. S. 594; *People* v. *Commissioners*, 76 N. Y. 64; *People* v. *Board of Supervisors*, 20 Barb. 81; affd., 16 N. Y. 424; *San Bernandino Co.* v. *S. P. Ry. Co.*, 118 U. S. 417; *Leeber* v. *Texas*, 139 U. S. 462; *Giozzo* v. *Tiernan*, 148

U. S. 657; *Pacific E. Co.* v. *Seibert,* 142 U. S. 339; *Bells Gap R. R. Co.* v. *Pennsylvania,* 134 U. S. 232; *Duncan* v. *Missouri,* 152 U. S. 377.)

*Edward R. O'Malley, Attorney-General (Edward H. Letchworth* of counsel), for respondent.   The capital stock of the appellant was "employed" within the meaning of the Tax Law, so that the tax was properly imposed. (*People ex rel. W. & H. S. R. Co.* v. *Miller,* 181 N. Y. 328; *People ex rel. H. A. Assn.* v. *Kelsey,* 110 App. Div. 617; 184 N. Y. 573; *People ex rel. Tower* v. *Wells,* 98 App. Div. 82; 182 N. Y. 553.)   The relator was doing business in this state within the meaning of the statute. (*People ex rel. A. C. Co.* v. *Barker* 157 N. Y. 159; *People* v. *H. S. M. Co.,* 105 N. Y. 76; *P. C. Co.* v. *McKeever,* 183 N. Y. 98.)   The statute under which this tax is imposed is not unconstitutional. (*Voss* v. *Cockroft,* 44 N. Y. 415; *Delaney* v. *Brett,* 51 N. Y. 78; *Purdy* v. *Erie R. R. Co.,* 162 N. Y. 42.)

Willard Bartlett, J.   This is a certiorari proceeding to review the action of the state comptroller in assessing a franchise tax upon the relator for the year ending October 31, 1906, under section 182 of the Tax Law (Laws of 1901, chap. 558, as amended by Laws of 1906, chap. 474).

To render a corporation liable to the imposition of a franchise tax under that section it must be doing business or exercising its corporate franchise in this state and must have capital stock employed within the state during the year for which the tax is assessed.   It is contended in behalf of the appellant that it was not shown to be doing business in New York and that its capital stock was not employed here but was merely invested, and hence that it was not liable to a franchise tax under the authority of *People ex rel. Fort George Realty Co.* v. *Miller* (179 N. Y. 49).

The record does not support the position of the appellant in either respect.   (1) The relator is doing business in this state.   This fact appears *first* from the statement in its own petition that it began business in the state of New York on

390   People ex rel. Vandervoort R. Co. *v.* Glynn.   [Feb.,

Opinion of the Court, per Willard Bartlett, J.   [Vol. 194.

March 9, 1906 ; and, *secondly*, from its own declaration in its
report to the comptroller that its principal place of business
is No. 84 Broadway, Brooklyn, New York.   The fact further
appears from its certificate of incorporation declaring its pur-
pose to be " the buying and acquiring of a certain tract of
real estate in the Borough of Brooklyn, State of New York."
(2) The capital stock of the relator is *employed* rather than
invested.   It is being used for the precise purpose specified in
the certificate of incorporation.   The relator purchased from
four owners in common the real estate which it was organized
to acquire and issued stock amounting to $187,000 to the ven-
dors in payment therefor.   This property, which borders upon
Newtown creek, is occupied by persons to whom it has been
leased for coal, brick and lumber yards and the relator
derives therefrom rentals aggregating $17,300 per annum.
These rentals, after deducting the compensation of a watch-
man and secretary, are used in paying dividends.   The capital
stock has been applied to the very use contemplated by
the incorporators as the object of the organization.   If this is
not the employment of the capital stock, then it is impossible
to conceive how the capital stock of such a corporation can
ever be regarded as being employed at all.   The case is not
substantially different from *People ex rel. Wall & Hanover
St. Realty Co.* v. *Miller* (181 N. Y. 328).   (3) It is contended
that this view makes section 182 of the Tax Law unconstitu-
tional, inasmuch as the relator is in the same class as was the
Fort George Realty Company, which was held not to be liable to
taxation under that section.   This point is sufficiently disposed
of by saying that we think there is a radical difference between
the facts in the case of the Fort George Realty Company and
the facts here.   If it were true, however, that a statute of this
character did render one corporation liable while relieving
another from liability, it would not follow that the enactment
was unconstitutional.   The statute does not impose a property
tax, but merely exacts a payment for the privilege of exercising
corporate powers within the state.   " The granting of such
right or privilege rests entirely in the discretion of the State,

and, of course, when granted, may be accompanied with such conditions as its legislature may judge most befitting to its interests and policy." (*Home Ins. Co.* v. *New York*, 134 U. S. 594, 600.) The legislature is not bound to impose the same conditions upon all corporations for the privilege of doing business in New York. It may grant or withhold the privilege in the case of each corporation as it sees fit. The rules relating to the taxation of property do not apply.

The order of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Order affirmed.