PEOPLE ex rel. WACLARK REALTY CO. v. GAUS, State Comptroller.

(Supreme Court, Appellate Division, Third Department. September 15, 1909.)

1. TAXATION (§ 119*) — CORPORATIONS — ANNUAL CORPORATION TAX — "EMPLOYED."

A corporation organized to acquire and hold real estate was organized for the personal convenience of an individual and to hold the title to real estate owned by him. All the capital stock was owned or controlled by him, and represented real estate transferred to it by him. It owned no personalty except a check paid in but never used, and the value of the capital stock was the value of the real estate owned by it, together with such check. On a part of the real estate, the individual was erecting a residence at his own expense, and for his own personal use, and on another tract a factory stood to furnish materials for the residence. No rents were paid to the corporation, and it never had any income. The taxes were paid by the individual, and the corporation had neither bank account, employés, nor debts. Held, that the corporation was not subject to taxation under Tax Law (Laws 1896, p. 856, c. 908) § 182, providing for an annual corporation tax computed on the basis of the amount of the capital stock employed within the state; the word "employed" contemplating

the active use of capital ordinarily resulting in connection with a live business.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 215; Dec. Dig. § 119.*

For other definitions, see Words and Phrases, vol. 3, pp. 2377–2380.]

2. TAXATION (§ 58*)—STATUTES—CONSTRUCTION.

Any serious doubt in the construction of a statute imposing a tax must be resolved in favor of the taxpayer.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 134; Dec. Dig. § 58.*]

Certiorari by the People of the State of New York, on the relation of the Waclark Realty Company, against Charles H. Gaus, Comptroller of the state of New York, to review the determination of the Comptroller in stating an account against relator for a specified sum as a franchise tax under Tax Law (Laws 1896, p. 856, c. 908) § 182. Determination reversed on law and facts, with costs to relator.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Atwater & Cruikshank (Edward L. Blackman, of counsel), for relator.

Edward R. O'Malley, Atty. Gen. (Edward H. Letchworth, of counsel), for respondent.

SMITH, P. J. The section of the tax law (Laws 1896, p. 856, c. 908, § 182) involved in this proceeding provides for an annual corporation tax "to be computed upon the basis of the amount of its capital stock employed within this state." The only question here is as to whether the capital stock of relator· was so "employed" within the meaning of the statute. It appears that relator was incorporated in 1904 as a business corporation under the business corporation law. The powers conferred upon it by its certificate of incorporation are very broad, including among others the right to acquire, purchase, and hold real estate, but the record shows that the controlling if not the sole purpose of incorporating this relator was generally the personal convenience of Senator W. A. Clark, and specifically to hold title to certain real property owned by him. All of the stock of relator is owned or directly controlled by said Clark, and represents properties transferred to it by him. The company owns no personal property except a check for $10,000 paid in and never used, and the value of its capital stock is the value of the real estate owned by it, together with this $10,000 in cash. Upon a part of its real estate Senator Clark is erecting a residence at his own expense and for his personal use, and upon another tract is a factory for the purpose of finishing materials for such residence. No rents are paid to relator, and it has never had any income nor receipts of any kind nor are any contemplated, nor has it ever made any expenditures. All taxes are paid by said Clark, and the company has had neither bank account, employés, nor debts. It has never sold any of its real estate, and none of it is for sale.

In construing section 182 the cases sharply distinguish between capital employed and capital invested, and we think that under the prin-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ciples laid down the capital of relator must be held to be of the latter class. In People ex rel. Niagara River Hydraulic Company v. Roberts, 30 App. Div. 180, 51 N. Y. Supp. 771, affirmed unanimously, without opinion, in 157 N. Y. 676, 51 N. E. 1093, where certain unimproved real estate was held for a number of years but no active business was done by the company, it was held that there was no liability for the franchise tax, inasmuch as there was no capital employed within the state. The court said: "If capital can be invested without being employed, the case before us seems to be a fair instance of it." In the case of People ex rel. Ft. George Realty Company v. Miller, 179 N. Y. 49, 71 N. E. 463, a corporation whose sole business was to acquire, hold, and sell real estate was held exempt from payment of the franchise tax on the ground that its capital was not employed because it appeared that the object of the corporation was "to raise the money to pay the taxes and assessments, and prevent the property from being sacrificed." The incorporators there were the former owners of the property as heirs at law, and the real estate was heavily mortgaged and practically unproductive. In the case of People ex rel. Wall & Hanover Street Realty Company v. Miller, before this Department in 98 App. Div. 584, 90 N. Y. Supp. 755, affirmed in 181 N. Y. 328, 73 N. E. 1102, we distinguished the Niagara River and Ft. George Cases upon the ground that the realty company was conducting a "live business." The same two cases were also discussed at length by the Court of Appeals, and were distinguished by the majority upon substantially the same grounds, Judge Vann in the concurring opinion referring to the "active management" necessary in the business of the realty company, and distinguishing between the "passive holding of capital" in the form of an unproductive investment, and the "active use of capital" in business, in that instance the management of a large office building. The doctrine of the Wall & Hanover Street Case was recently applied unanimously in People ex rel. Vandervoort Realty Co. v. Glynn, 194 N. Y. 387, 87 N. E. 434, where a real estate company was doing an active business as landlord; the Ft. George Case being again distinguished. It may be argued that, if the corporation would secure the benefits of incorporation under our laws, they must pay the tax. But they have paid the tax for incorporating, and the tax now assessed is for the employment of capital. While the Ft. George Case, supra, was decided by a divided court, that court has never overruled the decision, and the decision there made would seem to control our determination here.

The record shows that this relator has engaged in no business whatever in the ordinary usage of the term. It is acting simply as the legal depository of the titles of certain pieces of real estate, and its corporate powers as determined by its charter have in all other respects remained inactive and unexercised. The use of the word "employed" in the tax law seems to indicate something more than mere investment or the passive use of capital. We think it contemplates the active use of capital such as ordinarily results in connection with a live business. The powers of a corporation as shown by its certificate of incorporation may be varied and numerous, as in the case at bar, but, until some power be exercised which involves active employment of capital, the

corporation does not become liable to taxation. Moreover, any serious doubt in a case of taxation should be resolved in favor of the taxpayer. People ex rel. Mutual Trust Co. v. Miller, 177 N. Y. 51, 57, 69 N. E. 124.

Determination of Comptroller reversed, with costs to relator.

Determination of the Comptroller reversed on law and facts, with $50 costs and disbursements to relator. All concur.