The tax imposed by section 182 of the Tax Law is imposed upon a corporation "for the privilege of doing business or exercising its corporate franchises in this state." The tax thus imposed has no relation to the special franchises which such a corporation may enjoy. The special franchises are assessed and taxed by a different method. The tax imposed by section 182 is solely upon the privilege of doing business or exercising its general franchise of the right to be a corporation in this state. The law imposes the tax not on the extent of its business but merely upon the exercise of its general franchise in this state. The fact that the appellant has leased its special franchises *Page 452 
and other property to another corporation for a term of 999 years does not relieve it from the obligation to pay a tax upon its general franchise of the right to be a corporation when it does business in this state. Whatever may have been the construction which the federal courts have put upon similar statutes (McCoach v. Minehill Schuyl kill Haven Railroad Co.,228 U.S. 295), I think that this court in construing the statute now before us is committed to the view that under the circumstances disclosed this corporation is taxable under section 182 of the Tax Law. In People ex rel. Fifth Ave. Bldg. Co. v. Williams
(198 N.Y. 238, 242) it was held that a corporation within this section was taxable although it had earned no dividends and has derived no benefit or advantage from its capital. That case related to a corporation organized for the purpose of buying, selling, leasing, renting and owning real estate. In the opinion of the court in that case Judge WERNER said: "For present purposes it is enough to say that this court is now committed to the doctrine that corporations organized for the purposes of buying, selling, leasing, renting and owning real estate, and of erecting buildings or other structures thereon are taxable under the Tax Law as it now stands. * * * From the moment when the relator began to use its money to purchase real estate for the purposes of its incorporation it employed its capital in this state within the purview of the statute." In People ex rel.Vandervoort Realty Co. v. Glynn (194 N.Y. 387, at page 390) Judge WILLARD BARTLETT said: "The capital stock of the relator isemployed rather than invested. It is being used for the precise purpose specified in the certificate of incorporation. * * * The capital stock has been applied to the very use contemplated by the incorporators as the object of the organization. If this is not the employment of the capital stock, then it is impossible to conceive how the capital stock of such a corporation can ever be regarded as being employed at all." *Page 453 
While it is true that the appellant has leased its properties and is merely a holding company, it receives rent for the properties it has leased and it fulfills the purpose for which it was incorporated when it receives such rent and out of it pays its running expenses and dividends to its stockholders. These acts constitute "doing business in this state" within the contemplation of section 182 of the Tax Law. When this corporation was organized it was intended that it should lease all of its property in accordance with the terms of the lease that it afterwards entered into. In making this lease and in receiving the rental therein reserved it fulfills the purpose for which it was organized. In fulfilling this corporate purpose for which it was organized it exercises its corporate franchise in this state and does business within the state within the meaning of section 182 of the Tax Law. The mere fact that the corporation did not operate the railroad does not establish that it was not doing business in this state when it has leased its right to operate the railroad to another corporation and received the rent reserved, in view of the fact that the right to lease its property was one of the corporate purposes for which it was created. I do not think that this interpretation of the statute places domestic corporations in any different situation from foreign corporations in this respect. If a foreign corporation acting within its charter leases its property in this state and receives rent therefor, it would be exercising its franchise and doing business within this state, and, therefore, taxable under section 182 of the Tax Law.
In my judgment the order appealed from should be affirmed, with costs.
WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK and CARDOZO, JJ., concur with COLLIN, J.; SEABURY, J., reads dissenting opinion, and POUND, J., concurs.
Order reversed, etc. *Page 454